Losing-, J.,
concurring:
I think the motions before the court should be dismissed, but for other reasons and in reference to other purposes than those stated in its opinion.
The question raised in all these cases is whether the statute of limitations may be pleaded in cases sent here by the head of a Department; and I think it may.
The statute of 1863, by its limitation of six years, declares the legislative intent that, therefrom, the lapse of that period of time shall be a defense here against all claims which claimants could bring here under our general jurisdiction. So that by the -force of the act such defense is attached to all such claims as their incident, and must adhere to them under the subsequent act of 1868, unless they are in some way changed by their presentment at the Treasury, or otherwise provided for by some special provision in the act of 1868. And instead of any such thing, claims come here from the'head of a Department in tfre same state as if they had been originally brought here by the claimants; and the act of 1868 expressly provides that they shall be treated here as if that were the case.
After providing for the transmission here by the head of a Department of a claim and the documents belonging to it, and thus establishing it within our jurisdiction as a case in court, the statute provides as follows: “And the same shall there be proceeded in as if originally commenced by the voluntary action of the claimant. ”
Now, cases in court are “proceeded in” there upon and according to their pleadings and evidence, and not otherwise; and these contain and shape all the allegations, defenses, and issues by which they can be carried to judgment, and without which they cannot be carried to judgment or “proceeded in” at all. *329 And by the rule of construction the words “ proceeded in ” mean, of their own force, “proceeded in” in all respects, because none is specified or excepted. And without they so mean and include all such pleadings and evidence they include none; and then there are no statute provisions as to how cases sent here by the head of a Department shalLbe “proceeded in” to judgment. And this court may exclude from them any other pleading and evidence, as well as the plea and evidence of the statute-of limitation. I think this cannot be so; and therefore I think that the statute of 1868, by its words cited, submits the cases sent here by the head of a Department to the same pleadings aud evidence, defenses and judgments to which they would have been subject if brought here originally by the claimants, or transmitted here by either house of Congress, and that all such cases thus within our jurisdiction are equally within it for all purposes, ami are to be administered here in the same way. And, I think, this construction works injustice to none, but even-handed justice to all. This court was made'to furnish a judicial determination of private claims against the United States, and not for the benefit of the claimants alone, but for 'the benefit of the United States as well. And as I have construed the act of 1868 it only refers here on the part of the United States such claims as the claimants might have referred here to be heard in the same way.
And I do not see that the construction I have contended for subjects a claimant to any hardship at the Department. He has always at first his election to carry his claim there or. to bring it here, and he can remove it from there and bring it here at any time at his pleasure. And while it is in the Department it will be subject only to the same laws and rules which govern all cases there,* and when he brings it here it will be subject to the laws and rules that govern all cases here. . Unquestionably the statute of 1868 enables the head of a Department to refer to this court cases involving disputed facts or controverted questions of law. -But this court was. made for exactly those cases, and this is their proper place, and a Department is not; and when here they are subject, I think, to the laws and rules made for such cases here, whether they are brought here by the United States or the claimants.
I think the effect of the decision of the court is practically to remove the defense of 'the limitation prescribed by the act of *330 18G3 from all oases which claimants could bring here by their voluntary action, by furnishing to them the means of evading the imitation. For all claimants having bona'fide claims due over six years may always take them to the Treasury, and, as was done in these cases, obtain decisions on their merits there, where the statute limitation is not cognizable. And then the claims must be paid there on such decision, or the head of the Department must send them here, and then, by the present decision, the statute limitation will not be cognizable here, and the judgment must be again solely on the merits. I think it was not the-intent of the legislature to enable claimants at their pleasure to avoid the statute of limitations, and that such intent is not inferable nor attainable under the acts of 1863 and 1868.
The section 191 of the Revised Statutes, making balances certified by the Comptroller of the. Treasury conclusive, is expressly confined in its operations to the Department and the action of its officers within it, as stated (in the opinion of. the court) in previous decisions of this court. And because of its exception as to “ courts” it can have no effect and cannot be consideredhere. And to hold that the findings certified by the Comptroller were conclusive, or in any sense judgments, would' oust this court of jurisdiction over all claims acted on by the Comptroller, whether his decision was for oragainst the claimant.